IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRADFORD LONERGAN**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**PROVIDENCE HEALTH SERVICES**,<br><br>　　　　　Defendant. | Case No. 3:20-cv-0920-AC<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on June 11, 2020. ECF 4. Judge Acosta recommended that Plaintiff's application to proceed *in forma pauperis* be granted and that Plaintiff's complaint be dismissed *sua sponte*, with leave to amend certain claims.[1]

　　Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

　　If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act],

---

[1] The Court notes that although the caption of Plaintiff's complaint names only Defendant Providence Health Services, in the section of Plaintiff's complaint identifying the defendants, Plaintiff lists additional named Defendants. Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.

PAGE 1 – ORDER

intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Acosta's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS Judge Acosta's Findings and Recommendation, ECF 4. Plaintiff's Application to Proceed *in forma pauperis* (ECF 2) is GRANTED. Plaintiff's complaint, however, fails to state a claim upon which relief may be granted and, therefore, is dismissed *sua sponte*. Plaintiff's claims under 18 U.S.C. §§ 242 and 287 and the Health Insurance Portability and Accountability Act of 1996 are dismissed with prejudice, and Plaintiff's remaining claims are dismissed without prejudice and with leave to amend if Plaintiff believes he can cure the deficiencies identified in the Findings and Recommendation. Any amended complaint is due by August 3, 2020. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

DATED this 2nd day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER